**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **RONALD SIMMONS**, | : | Case No. 1:13 CV 1946 |
| Petitioner, | : | |
| vs. | : | |
| **ED SHELDON, WARDEN**, | : | |
| | | **MAGISTRATE'S REPORT AND** |
| | : | **RECOMMENDATION** |
| Respondent. | | |

**I. INTRODUCTION.**

Pursuant to 72.2(b)(2) of the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO LOCAL CIVIL RULES, this case was automatically referred to the undersigned Magistrate Judge for report and recommendation.  Pending are the Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254 (Docket No. 1); Respondent's Return of Writ (Docket No. 8) and Petitioner's Traverse (Docket No. 11).  For the reasons that follow, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus.

**II. PROCEDURAL BACKGROUND.**

During the May 2010 term, the Cuyahoga County Grand Jury Petitioner indicted Petitioner on one count of aggravated murder, a violation of OHIO REV. CODE § 2903.01(A), with firearm specifications under OHIO REV. CODE § 2941.141(A) and OHIO REV. CODE § 2941.145(A) (Docket No. 8-1, p. 1 of 59).  Petitioner pled not guilty to the indictment (Docket No. 8-1, p. 2 of 59) and on

April 11, 2011, Petitioner voluntarily waived and relinquished his right to trial by jury, electing instead to be tried by a judge in the court of common pleas (Docket No. 8-1, p. 3 of 59).

The judge found Petitioner guilty of murder and both firearm specifications as charged in the indictment. On April 14, 2011, the court imposed a prison sentence of 18 years to life, with the merged gun specifications to be served prior to and consecutive to the 15 to life term. The judge also imposed five years mandatory post release control (Docket No. 8-1, pp. 5, 6 of 59).

Petitioner filed a notice of appeal in the Court of Appeals of Cuyahoga County, Ohio, on May 11, 2011 (Docket No. 8-1, p. 7 of 59). In his brief on the merits, Petitioner asserted one assignment of error: "The defendant's jury waiver was not knowingly, intelligently and voluntarily entered" (Docket No. 8-1, p. 13 of 59). The court of appeals affirmed the conviction on January 26, 2012, finding that Petitioner was adequately advised of his constitutional rights, he executed a valid waiver of such rights and defense counsel explained to Plaintiff his constitutional rights and the laws of the State regarding trial by jury (Docket No. 8-1, pp. 25-30 of 59).

Petitioner perfected a notice of appeal on March 12, 2012, in the Supreme Court of Ohio, and subsequently presented a single proposition of law:

> In order to effect a valid jury waiver, the trial court must engage the defendant in a colloquy that sufficiently enables the trial court to make a reasonable determination that the defendant is voluntarily relinquishing the constitutional right to a trial by jury. The colloquy must go beyond merely asking conclusory questions and must include inquiry into the defendant's understanding that the right to trial by jury includes the right to participate in jury selection and the right to have a unanimous verdict.

(Docket No. 8-1, pp. 33-42 of 59).

The Supreme Court of Ohio denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question on June 6, 2012 (Docket No. 8-1, pp. 49, 59 of 59).

Petitioner, in the custody of Respondent at the Toledo Correctional Institution, filed a Petition under 28 U. S.C. § 2254 for Writ of Habeas Corpus in the United States District Court for Northern District of Ohio, Eastern Division, on September 4, 2013.  The sole basis for which he seeks relief is:

> Petitioner was denied his Sixth Amendment right to trial by jury because his jury waiver was defective.  The defendant was not made aware of the need for a jury to be unanimous in its verdict, nor was he aware of his right to participate in jury selection and to challenge jurors for cause and peremptorily (Docket No. 1).

### III. PROCEDURAL REQUIREMENTS.

The prerequisites to obtaining habeas relief include whether a petitioner has legitimately presented his or her claims in a timely manner and whether he or she has exhausted state remedies.

1. **STATUTE OF LIMITATIONS**.

The ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT (AEDPA) is an act of Congress signed into law on April 24, 1996.  Under AEDPA, a state prisoner is required to file a habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Rashad v. Lafler,* 675 F.3d 564, 567 (6$^{th}$Cir. 2012).  A judgment in a criminal case typically becomes final after direct review by the state courts and the United States Supreme Court or at the end of the time for seeking such review.  *Id.* (*See Jimenez v. Quarterman*, 129 S.Ct. 681, 685 (2009)).  The Sixth Circuit has established that the one year statute of limitations does not begin to run until the time for filing a petition for a writ of *certiorari* for direct review in the United States Supreme Court has expired.

*Robertson v. Simpson,* 624 F.3d 781, 782 (6th Cir. 2010) (*see Lawrence v. Florida*, 127 S.Ct. 1079, 1083 (2007) (holding that "direct review" under section 2241(d)(1)(A) includes review by the U.S. Supreme Court)).

In this case, Petitioner pursued his direct appeal to the state court of last resort and the conviction became final on June 6, 2012. The statute began running on September 6, 2012, the date when the time to seek review by *certiorari* in the United States Supreme Court expired. The deadline for seeking federal habeas review expired one year later, on September 6, 2013. Petitioner filed his current Petition on September 4, 2013, thereby establishing that the instant habeas Petition was timely filed.

**2. EXHAUSTION**

In habeas, state court remedies are described as having been exhausted when they are no longer available. *Starks v. Sheldon,* 2013 WL 3992592, *31 (N.D.Ohio,2013) (*citing* 28 U.S.C. § 2254(b) and (c); *Castille v. Peoples*, 109 S.Ct. 1056, 1059 (1989); *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir.1991)). The exhaustion of state remedies requirement mandates that one petitioning for federal habeas relief from a state court conviction must have provided the highest court of the state with a fair opportunity to apply controlling federal constitutional principles to the same factual allegations, before a federal court may review any alleged errors. *Id*.

Here, Petitioner complied with the required federal exhaustion review, sufficiently raising his sole claim in a constitutional context of due process on direct appeal and in the Supreme Court of Ohio. The exhaustion of state-court remedies is sufficient to allow the Magistrate to reach the merits of Petitioner's claim consistent with the habeas standard of review.

## IV. HABEAS REVIEW STANDARD.

The Supreme Court has made it clear that Section 2254(d), as amended by AEDPA, is a purposefully demanding standard. *Montgomery v. Bobby*, 654 F.3d 668, 676 (6th Cir. 2011) *cert. denied,* 132 S.Ct. 2376 (2012) (*See Harrington v. Richter*, 131 S.Ct. 770, 786 (2011) ("If [§ 2254(d)] is difficult to meet, that is because it was meant to be.")). Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems and it does not function as a "substitute for ordinary error correction through appeal." *Id*. (internal quotation marks omitted)). For that reason, a federal court shall not grant a habeas petition with respect to any claim that was adjudicated on the merits unless the adjudication resulted in a decision that:

(1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Id.* (*citing* 28 U.S.C. § 2254(d)).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court of the United States on a set of materially indistinguishable facts. *Id.* (*citing Williams v. Taylor*, 120 S.Ct. 1495, 1523 (2000)).

Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court's application of clearly established federal law to the facts of the prisoner's case was objectively unreasonable. *Id*. (*citing Williams, supra*, at 1521). In construing the meaning of

"unreasonable application" in § 2254(d)(1), the Court has emphasized that "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 676-677 (*citing Williams*, *supra*, at 1521-1522; *accord Harrington*, *supra*, 131 S.Ct. at 785; *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010)). The reviewing court may not "treat[ ] the reasonableness question as a test of its confidence in the result it would reach under de novo review" and that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (*citing Harrington*, 131 S.Ct. at 786; *Renico*, 130 S.Ct. at 1862 (stating that Section 2254(d)(1) "creates 'a substantially higher threshold' for obtaining relief than de novo review") (*quoting Schriro v. Landrigan*, 127 S.Ct. 1933, 1939 (2007))).

To obtain relief, the state criminal defendant "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* (*citing Harrington*, 131 S.Ct. at 786–787). This "highly deferential standard for evaluating state-court rulings . . . demands that state-court decisions be given the benefit of the doubt." *Id.* (*citing Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011) (internal citation and quotation marks omitted)).

## V. THE ARGUMENTS OF THE PARTIES.

Petitioner argues in both the Petition and Traverse that the trial court made no inquiry to ensure that he actually understood the rights he was surrendering. Rather the trial court relied upon a written waiver which was incomplete.

Respondent responds that:

1. Clearly established Supreme Court precedent does not require that he be made aware of the requirement for unanimity of the jury or of his role in jury selection for his waiver to be considered constitutional.
2. Neither an oral colloquy nor any particular form of waiver is required for a valid waiver of a jury trial as a matter of federal constitutional law.
3. The written waiver in combination with the court's inquiry in open court demonstrate that Petitioner waived his right to a jury trial voluntarily, knowingly and intelligently.

## VI. DISCUSSION.

### A. WAS THE WAIVER MADE KNOWINGLY?

Petitioner does not dispute that he waived his right to a jury trial or that such waiver was voluntary. Rather, Petitioner suggests that his decision was unknowingly made because neither his attorney nor the court explicitly advised him of the full consequence of executing a jury trial waiver.

#### 1. THE RIGHT TO A JURY TRIAL.

The Sixth Amendment to the United States Constitution and Section 10, Article I, Ohio Constitution, guarantee a criminal defendant the right to a jury trial. *Brown v. Smith*, 2014 WL 1493123, *24 (N.D.Ohio,2014) (*See State ex rel. City of Columbus v. Boyland*, 58 Ohio St.2d 490, fn. 1, 391 N.E.2d 324 (1979)). Under OHIO CRIM. R. 23(A), a defendant may plainly waive his or her right to a trial by jury; but that right to a bench trial is conditioned on a waiver that is knowingly, intelligently and voluntarily made. *State v. Conn*, 2008 WL 4560789, *3 (2008). A high measure of deference to the state court's findings concerning the jury waiver is required when supported by the contemporaneous record in the case. *Spytma v. Howes*, 313 F.3d 363, 371 (6th Cir. 2002).

**2. ANALYSIS.**

Petitioner failed to sustain the burden of demonstrating that the waiver was not valid because it was not knowingly executed. He offered no support for the proposition that the court was required to fully inform him of the nature of the jury trial rights he relinquished prior to accepting his waiver. In other words, Petitioner failed to provide a Supreme Court decision that determined the trial court's decision to accept his waiver without such inquiry was contrary to or an unreasonable application of clearly established federal law.

Petitioner created a presumption that the written waiver was knowingly made when he complied with the writing requirement set out in OHIO CRIM. R. 23(A). Yet, Petitioner made bald assertions that counsel failed to adequately inform him of all aspects of a jury trial. Petitioner offers no affidavit or other evidence to show that he would have insisted on a jury trial if his counsel had adequately advised him. Based on the record evidence, the Magistrate does not find that defense counsel had reason to believe Petitioner did not comprehend the gravity of his waiver of jury trial and request for a bench trial. Nor is there a reason to believe that given the inculpatory evidence, a jury would have rendered a different verdict than the trial judge's verdict.

Clearly after conferring with counsel, Petitioner made a decision to waive a jury trial for strategic reasons. Petitioner's counsel advised the court that he discussed the constitutional and statutory rights of waiver with Petitioner and Petitioner made a perfunctory waiver in open court suggesting that he knew of the rights he was giving up and that he did so voluntarily (Docket No. 8-2, pp. 12-15 of 113). The Magistrate concludes that Petitioner's waiver of the right to a jury trial was knowing and voluntary.

-8-

**B.    ADEQUACY OF THE WRITTEN WAIVER.**

Petitioner suggests that he was ignorant of the nature of his right to a jury trial and therefore he could not intelligently weigh the value of the court's failure to incorporate in the jury waiver, language guaranteeing him the right to participate in jury selection.

**1.    THE LAW.**

A jury waiver must be voluntary, knowing, and intelligent. *State v. Osie*, 2014 WL 3360616, *6 (Ohio,2014) (*citing State v. Ruppert*, 54 Ohio St.2d 263, 271, 375 N.E.2d 1250 (1978)). A written waiver is presumptively voluntary, knowing, and intelligent. *Id.* (*citing State v. Foust*, 105 Ohio St.3d 137, 2004–Ohio–7006, 823 N.E.2d 836, ¶52; *United States v. Sammons*, 918 F.2d 592, 597 (6th Cir.1990); *See also State v. Bays*, 87 Ohio St.3d 15, 19, 716 N.E.2d 1126 (1999)). Waiver may not be presumed from a silent record. *Id.* (*citing Foust, supra,* at ¶52).

A defendant is sufficiently informed to make an intelligent waiver if he or she was aware that a jury is composed of 12 members of the community, that he or she may participate in the selection of the jurors, the verdict of the jury must be unanimous, and that the judge alone will decide guilt or innocence should he or she waive the right to a jury trial. *Id.* (*citing United States v. Martin*, 704 F.2d 267, 273 (6thCir.1983); *see also State v. Fitzpatrick,* 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶44 (Ohio 2004)). The defendant need not have a complete or technical understanding of his or her jury-trial right in order to waive such right. *Id.* (*citing Fitzpatrick*, at ¶44) (*citing Martin, supra,* at 273).

The Supreme Court of Ohio has determined that OHIO REV. CODE § 2945.05 requires that five conditions be met in order for a waiver to be validly entered. *State v. Webb*, 2010 WL 5141710, *5 (Ohio, 2010). The waiver must be: (1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court. *Id.* (*citing State v. Lomax*, 114 Ohio

St.3d 350, 872 N.E.2d 279, 2007-Ohio-4277, ¶ 9 (" Lomax II ")). A trial court must strictly comply with the five requirements of OHIO REV. CODE § 2945.05. *Id.* (*citing State v. Pless*, 74 Ohio St.3d 333, 337, 658 N.E.2d 766, 1996-Ohio-102). "In the absence of strict compliance with OHIO REV. CODE § 2945.05, a trial court lacks jurisdiction to try the defendant." *Id.* (*citing Pless*, at 337).

### 2. ANALYSIS.

The Magistrate initially notes that the five requirements of OHIO REV. CODE § 2945.05 were met (Docket No. 8-2, p. 14 of 113). Petitioner is correct, however, in asserting that the waiver he signed does not contain language advising him that he may participate in the selection of the jurors. Specifically:

> I, RONALD SIMMONS, the Defendant, in this cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a judge of this Court of Common Pleas. I understand that l have a right, under the Constitutions and laws of both the united States and the State of Ohio, to a trial by a jury of twelve, and, that no verdict could be made by a jury, except by agreement of all twelve members of that "jury. I further state that no threats or promises have been made to induce me to waive this right, and that I am not under the influence of any drugs, alcohol, or medication that would affect my decision (Docket No. 8-1, p. 3 of 59).

The Magistrate is not persuaded that the failure to include the statement that he could participate in the selection of the jurors renders that waiver invalid. Petitioner's personal knowledge of the right to participate in jury selection is not constitutionally required for a knowing and intelligent waiver and there is no clearly established Supreme Court precedent requiring that a valid jury waiver recite that the defendant "may participate in the selection of jurors." Petitioner was clearly advised of the nature of the right he would be waiving, his right to a jury trial, including that he would be giving up the right to be tried by 12 people selected from the community who would make a determination after hearing the evidence, and instead, he would be judged by the trial judge, who alone would hear the evidence and make a determination. Petitioner, who confirmed that he

-10-

had discussed his jury trial waiver with his counsel, stated that he understood the nature of a jury trial and a court trial, and Petitioner waived his right to the former. Petitioner had specific knowledge of the right being waived. His failure to have personal awareness of all components of a jury trial or to expressly note various particulars of the jury process is insufficient to render an otherwise knowing and voluntary waiver invalid.

Furthermore, Petitioner attributes his lack of knowledge to the court's failure to conduct a more explanatory colloquy that included a discussion of his ability to participate in the selection of the jurors. Again, the Magistrate rejects the contention that Petitioner is required to be informed by the court of his right to participate in jury selection as a prerequisite to a valid jury trial waiver for the following reasons: (1) there is no constitutional requirement that the court conduct an on-the-record colloquy with Petitioner prior to the jury trial waiver and (2) Petitioner has failed to show clearly established Supreme Court precedent that the court must explicitly inform a defendant of his or her right to participate in jury selection in order for the jury trial waiver to be valid.

### VII. CONCLUSION

For the foregoing reasons, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus and terminate the referral to the undersigned Magistrate Judge.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date: August 1, 2014

## VIII. NOTICE.

Please take notice that as of this date the Magistrate Judge's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to this report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.