UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD SIMMONS, | ) | Case No.: 1:13 CV 1946 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| ED SHELDON, WARDEN | ) | |
| | ) | <u>ORDER</u> |
| Respondent | ) | |

On September 4, 2013, Petitioner Ronald Simmons ("Simmons" or "Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition," ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court convictions and sentences for one count of aggravated murder with firearm specifications. (*See* Petition at 1.) Simmons argues that his Petition should be granted based on the following ground:

> Ground One: He was denied his Sixth Amendment right to trial by jury because his jury waiver was defective. [He] was not made aware of the need for a jury to be unanimous in its verdict, nor was he aware of his right to participate in jury selection and to challenge jurors for cause and peremptorily.

(*See* Petition at 4.) This court referred the case to Magistrate Judge Vernelis K. Armstrong for preparation of a Report and Recommendation. Magistrate Judge Armstrong submitted a Report and Recommendation ("R&R," ECF No. 12) on August 1, 2014, recommending that Simmons's Petition be denied.

As of the date of this Order, Petitioner has not filed objections to the Report and Recommendation. By failing to do so, he has waived the right to appeal the Magistrate Judge's recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S.

140 (1985). After careful *de novo* review of the Report and Recommendation and all other relevant documents, the court dismisses Simmons's Petition.

## I. FACTS

During the May 2010 term, the Cuyahoga County Grand Jury indicted Petitioner on aggravated murder charges in violation of Ohio Rev. Code § 2941.141(A) and with firearm specifications under Ohio Rev. Code §2903.01(A). (R&R at 1.) Petitioner pleaded not guilty to the Indictment. (*See* Petition at 1.) On April 11, 2011, Petitioner signed a waiver of jury trial. (*See* R&R at 2.) The jury waiver contained language stating that: (1) Petitioner voluntarily waived and relinquished any right to a trial by a jury and elected to be tried by a judge of the Court of Common Pleas, (2) Petitioner understood that he had a constitutional right to a trial by a jury of twelve and that a jury verdict must be unanimous, and (3) Petitioner had received no threats or promises to induce him to waive his right to a jury trial. (*See* Respondent's Return of Writ, 2-3, ECF. No. 8.) Additionally, before trial, the judge asked Petitioner whether he was advised of all his rights in signing the statement, and confirmed that he received no threats or promises to induce him to sign the waiver. (*See id.*) Petitioner was tried in the Court of Common Pleas and was found guilty of aggravated murder. (R&R at 2.)

## II. PROCEDURAL HISTORY

### A. State Court Proceedings

Petitioner timely filed a direct appeal on May 11, 2011. (*See* R&R at 2.) His appeal asserted one allegation: "The defendant's jury waiver was not knowingly, intelligently and voluntarily entered." (*Id.*) On January 26, 2012, the appellate court affirmed the trial court's decision, finding that Petitioner's jury waiver was valid. (*Id.*) On March 12, 2012, Simmons petitioned for leave to appeal in the Supreme Court of Ohio. (*Id.*) The court denied the leave to appeal and dismissed the

appeal as not involving any substantial constitutional question. (*Id.*)

B. Federal Court Proceedings

Simmons filed a Petition for a Writ of Habeas Corpus on September 4, 2013. Respondent Ed Sheldon ("Respondent") filed Return of Writ ("Return of Writ," ECF No. 8) on April 2, 2014. In his Return of Writ, Respondent argued that there is no clearly established federal law requiring that Petitioner be informed of the need for a unanimous jury verdict or his right to participate in jury selection and *voir dire*. Petitioner filed a Traverse to Respondent's Return of Writ ("Traverse," ECF No. 11) on May 28, 2014. In it, Petitioner argued that his waiver was not "knowingly or voluntarily" made. (Traverse at 4.) Specifically, Petitioner argued that the court failed to ensure that he "actually understood the rights he was surrendering" and that the written waiver did not contain information regarding the Petitioner's right to participate in jury selection and *voir dire*. Additionally, Petitioner stated that he "wishe[d] to correct Ground One and withdraw from it the allegation that the written waiver did not mention jury unanimity–that was incorrect." (*Id.* at 4.)

### III. MAGISTRATE JUDGE'S R&R

Magistrate Judge Armstrong issued a Report and Recommendation ("R&R," ECF No. 12.) on August 1, 2014, wherein she outlined the standard of review compelled by The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The Magistrate Judge set forth the standard as follows:

> "A federal court shall not grant a habeas petition with respect to any claim that was adjudicated on the merits unless the adjudication resulted in a decision that (1) was contrary to, or involved an unreasonable application of, clearly established Federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding".

(*Id.* at 5.) The Magistrate Judge correctly noted that "contrary to" refers to instances where a state court "arrives at a conclusion opposite to that reached by the Supreme Court of the United

States," and that in order for a decision to be "unreasonable" it must be "objectively unreasonable." (*Id.*)

The Magistrate Judge addressed Simmons's Petition based on the two issues raised in Petitioner's Traverse. (ECF No 11.) First, the Magistrate Judge considered whether the trial court or Petitioner's attorney was required to fully inform him of the nature of his jury waiver, and second, the Magistrate Judge considered whether the written waiver Petitioner signed was adequate. For the reasons summarized below, the Magistrate Judge concluded that the trial court adequately informed Petitioner of the nature of the jury waiver, and that the written waiver Petitioner signed was adequate.

### A. Adequacy of Information Provided by Court and Counsel

The Magistrate Judge noted that federal law requires a jury waiver to be "knowingly, intelligently and voluntarily made." (R&R at 7.) In Simmons's single ground for relief, he argues that his waiver was not "knowingly" made because neither the court nor his attorney informed him of his right to participate in jury selection and *voir dire*. (*Id.*) The Magistrate Judge rejected this argument because, under § 28 U.S.C. 2254(d), a habeas petitioner is required to demonstrate that a state court's conclusion was "contrary to or an unreasonable application of clearly established federal law," and Petitioner failed to meet this burden. (*Id.* at 8.)

### B. Adequacy of Written Waiver

Petitioner also argues that the written waiver he signed was inadequate as it did not include statements regarding his ability to participate in jury selection and *voir dire*. The Magistrate Judge correctly noted that Petitioner's waiver satisfied state requirements as indicated in Ohio Rev. Code § 2945.05. (*Id.*) The Magistrate Judge then concluded that failure to include a statement indicating that Petitioner could participate in jury selection did not render the waiver

invalid because there was "no clearly established Supreme Court precedent requiring that a valid jury waiver recite that the defendant 'may participate in the selection of jurors.'" (*Id.*) Thus, the Magistrate Judge determined that Petitioner's waiver satisfied constitutional requirements notwithstanding the absence of language advising him that he may participate in the selection of jurors. (*Id.* at 10.)

## IV. FINDINGS

The court finds that the Magistrate Judge correctly concluded that Simmons's Petition should be dismissed because he failed to demonstrate that the state court's conclusions were an "unreasonable application" of or "contrary to" "clearly established" federal law. The Sixth Circuit has stated the following regarding the adequacy of a defendant's waiver of a right to jury trial:

> "A defendant is sufficiently informed to make an intelligent waiver if he was aware that a jury is composed of 12 members of the community, he may participate in the selection of the jurors, the verdict of the jury must be unanimous, and that a judge alone will decide guilt or innocence should he waive his jury trial right . . . . Knowledge of these essential attributes is generally sufficient to enable a defendant to make a knowing and intelligent decision."

*See U.S. v. Martin*, 704 F.2d 267, 272 (6th Cir. 1983). Despite the Circuit's pronouncement, there is no Supreme Court precedent that squarely addresses whether failure to include information regarding a defendant's right to participate in jury selection violates the Sixth Amendment. Thus, Petitioner cannot show an "unreasonable application" of Supreme Court precedent. This court makes no opinion on whether or not Petitioner's waiver satisfied constitutional requirements in the Sixth Circuit, and recognizes that it would be sound court practice to apprise defendants of their right to participate in jury selection before waiver. The court only concludes that Petitioner has not shown that the state court's findings were contrary to clearly established Supreme Court precedent, making

Petitioner ineligible for relief under 28 U.S.C. § 2254(d).

Consequently, upon careful *de novo* review of the Report and Recommendation and all other relevant documents, the court finds that the Magistrate Judge's conclusions are supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation.

## V. CONCLUSION

The court hereby dismisses Simmons's Petition. The court further certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

August 28, 2014